[No. 3710. Dec. 5, 1931.]

In re WALLACE TRANSFER CO., Inc.

[6 P. (2d) 199.]

G. S. Downer, of Albuquerque, for petitioner.

E. K. Neumann, Atty. Gen., Quincy D. Adams, Asst. Atty. Gen., and E. C. Warfel, of Santa Fe, for Corporation Commission.

OPINION OF THE COURT

WATSON, J.·

The Wallace Transfer Company, Inc., is a common carrier of passengers, operating a motorbus line under a certificate of convenience and necessity granted by the State Corporation Commission, pursuant to Laws 1929, c. 129 (1929 Comp. § 11-1001 et seq.). It applied to the commission for approval of a new time schedule, 1929 Comp. § 11-1015. The commission refused approval and ordered the schedule not to be put into effect. The carrier having refused to comply, the commission removed the proceedings to this court. It thereafter moved to remand the proceeding upon the ground that this court lacks jurisdiction to entertain it. This motion is now before us.

It is plain that, if the jurisdiction first invoked and now denied by the commission exists, it must have been conferred by some constitutional or statutory provision. The Constitution article 11, § 7, gives to the Corporation Commission, and to this court on removal therefrom, jurisdic-

'tion in the matter of regulating rates and charges of common carriers. In the matter of service, however, the jurisdiction to regulate seems to apply to railway companies only. The statute (1929 Comp. § 11-1001 et seq.) which the carrier invoked in asking approval of its schedule, and under which the commission assumed to make the order in question, provides no method of review. In the matter of enforcing orders, it differs from the Constitution. The latter leaves it to this court to enforce such of the commission's orders as, after removal and trial on the merits, shall meet approval; the former provides a means by which the commission may enforce its own orders. For any violation of a lawful order it may revoke the certificate of convenience and necessity. 1929 Comp. § 11-1012.

The carrier relies upon 1929 Comp. §§ 134-1118, 134-1120, as a legislative conference of jurisdiction to review any order of the commission by removal. These sections were embraced in Laws 1912, c. 78, which, according to its title and its contents, is largely, if not entirely, procedural. We do not find in it any attempt to enlarge the jurisdiction of this court to cover proceedings not specified in the Constitution.

The carrier urges that, if this court should find itself without jurisdiction to review this order on removals, we must hold the statute (1929 Comp. § 11-1001 et seq.) invalid, as violative of the distribution of powers clause (article 3, § 1), and of the due process clause (article 2, § 18) of the Constitution. It also suggests that the constitutional pronouncement upon the powers and jurisdiction of the Corporation Commission is final, and that it is not competent for the Legislature to add anything to them.

If the case were doubtful as a matter of construction, we might entertain these contentions, on the principle that a court will always, if possible, so construe a statute as to uphold its constitutionality. But this court cannot assert jurisdiction on the single ground that a lack of it may or would defeat the statute. Whether such result will follow is not for decision now.

654

The proceeding will therefore be remanded. It is so ordered.

BICKLEY, C. J., and SADLER and HUDSPETH, JJ., concur.

PARKER, J., did not participate.